## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JAVIER AMADOR-FLORES,

      Petitioner,

v.                                        Civ. 19-586 KG/SCY
                                        Cr. 15-2622 KG/SCY-5

UNITED STATES OF AMERICA,

      Respondent.

### PROPOSED FINDINGS & RECOMMENDED DISPOSITION

      This matter is before the Court on Petitioner Javier Amador-Flores's "Motion Seeking a NOA for a Certificate of Appealability for the District of New Mexico," filed September 7, 2021. Doc. 30. On May 5, 2021, I filed a Proposed Findings and Recommended Disposition ("PFRD") recommending that the Court deny relief on all grounds in Mr. Amador-Flores's original and amended Motion to Vacate under 28 U.S.C. § 2255, without the need to hold an evidentiary hearing. Doc. 25. I found that "the record is sufficient to dispose of each of Mr. Amador-Flores's allegations of ineffective assistance of counsel and his general conclusory allegations do not warrant a hearing." Doc. 25 at 28; *see also* 28 U.S.C. § 2255(b) ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."). The Court agreed, and adopted my PFRD without holding an evidentiary hearing. Doc. 26. Likewise, in my PFRD, I recommended that the Court deny a certificate of appealability because Mr. Amador-Flores had not made a substantial showing of the denial of a constitutional right. Doc. 25 at 28; *see also* 28 U.S.C. § 2253(c)(2) ("A certificate of

appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."). The Court likewise adopted this recommendation and denied a certificate of appealability. Doc. 26.

In the present motion, Mr. Amador-Flores requests a certificate of appealability because the Court made credibility determinations without an evidentiary hearing. Doc. 30. I construe this as a motion to reconsider. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").

The Federal Rules of Civil Procedure do not recognize motions for reconsideration. *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). Instead, a motion for reconsideration "may be construed in one of two ways: if filed within [28][1] days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); if filed more than [28] days after entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b)." *Id.* Under the Rule 59(e) standards, a court may grant a motion for reconsideration in three circumstances: when there is "an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). Under Rule 60(b), a court may grant relief from final judgment based on:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

---

[1] Since *Computerized Thermal Imagining* was published in 2002, the relevant time period under Rule 59(e) has changed from 10 days to 28 days.

(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an
earlier judgment that has been reversed or vacated; or applying it prospectively is
no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Here, Mr. Amador-Flores filed his motion for a certificate of appealability on September

7, 2021, over three months after the Court entered its final order on June 1, 2021. Docs. 27, 30.

The docket reflects that Mr. Amador-Flores may not have received the final order when first

mailed because he had not provided the Court his current address. Doc. 28, 29. I recommend

finding that the Court need to decide whether the undeliverable mail impacted the time for Mr.

Amador-Flores to file a motion under Rule 59(e), because under the standard of either Rule 59(e)

or Rule 60(b), his motion to reconsider fails. In other words, Mr. Amador-Flores fails to satisfy

any of the three conditions through which Rule 59(e) relief can be granted and also fails to

satisfy any of the six conditions under which Rule 60(b) relief can be granted. He presents no

new information as to why the Court should reconsider its denial of an evidentiary hearing and a

certificate of appealability. Accordingly, I recommend the Court deny Petitioner's "Motion

Seeking a NOA for a Certificate of Appealability for the District of New Mexico" (Doc. 30).

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of
a copy of these Proposed Findings and Recommended Disposition they may file written
objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must
file any objections with the Clerk of the District Court within the fourteen-day period if
that party wants to have appellate review of the proposed findings and recommended
disposition.  If no objections are filed, no appellate review will be allowed.**